IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KEVIN B. HARRIS, | ) | CASE NO. 8:07CV395 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| DOUGLAS COUNTY SHERIFF'S | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on October 5, 2007. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

**I.    INITIAL REVIEW OF COMPLAINT**

    **A.    Summary of Complaint**

Plaintiff filed his Complaint on October 5, 2007, against the Douglas County Sheriff's Department (the "Sheriff's Department"). (Filing No. 1 at CM/ECF p. 2.) Plaintiff does not name any individual defendants. Plaintiff states that he is currently incarcerated in the Douglas County Correctional Center ("DCCC"), but on November 2, 2007, Plaintiff informed the court that he is now incarcerated by the Nebraska Department of Correctional Services in Lincoln, Nebraska. (*Id.*; *see also* Filing No. 9.)

Condensed and summarized, Plaintiff alleges that the Sheriff's Department transported him from the Douglas County courthouse to the DCCC on September 25, 2007. (*Id.* at CM/ECF p. 5.) During that trip, Plaintiff was handcuffed to another inmate.

(*Id.*) Plaintiff was not "offered seatbelts" and Plaintiff is unsure of whether the transport van had any seatbelts. (*Id.*)

According to Plaintiff's Complaint, the van in which he was being transported collided with another vehicle while Plaintiff was being transported to the DCCC. (*Id.* at CM/ECF p. 6.) Plaintiff sustained injuries to his back, neck, and right leg during the collision. (*Id.* at CM/ECF p. 7.) Plaintiff seeks a monetary award of $1,000,000.00. (*Id.*) Liberally construed, Plaintiff also seeks injunctive relief in the form of a court order that the Sheriff's Department "obey seat belt laws when it comes to transporting prisoners." (*Id.*) Put another way, Plaintiff believes that the Sheriff's Department "should be made to all allow prisoners to wear seat belts and have safety precautions of normal people." (*Id.*)

### B. Applicable Legal Standards on Initial Review

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *See generally, Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (overruling *Conley v. Gibson*,

355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. and Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### C. Discussion of Claims

Here, Plaintiff asserts claims against the Sheriff's Department, which the court construes as claims against Douglas County, Nebraska. However, a county may only be liable under 42 U.S.C. § 1983 if its "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998)(citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis*

*County*, 901 F.2d 642, 645 (8th Cir.1990)(citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

In addition, the court liberally construes Plaintiff's Complaint to allege claims under the Eighth Amendment relating to his safety. A prisoner asserting a violation of his Eighth Amendment rights, must show "deliberate indifference,"or reckless or callous disregard of a known, excessive risk of serious harm to the safety of the plaintiff. *Tucker v. Evans*, 276 F.3d 999, 1001 (8th Cir. 2002). Moreover, a viable Eighth Amendment claim consists of an objective component and a subjective component. *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998). "To prevail on an Eighth Amendment claim, an inmate must show both an objective element, that the deprivation was sufficiently serious, and a subjective element, that the defendant acted with a sufficiently culpable state of mind." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997).

Here, Plaintiff does not allege any municipal policy or custom which caused him injury. Further, although Plaintiff has alleged what may be considered negligent conduct by Defendants, Plaintiff has failed to allege that the Sheriff's Department acted with

4

deliberate indifference towards his safety. In light of this, Plaintiff has not alleged any cognizable claims and Plaintiff's Complaint fails to state a claim upon which relief may be granted. However, on its own motion, the court grants Plaintiff 30 days in which to amend his Complaint in accordance with this memorandum and order.

## II.    APPOINTMENT OF COUNSEL

In his Complaint, Plaintiff seeks the appointment of counsel. (Filing No. 1 at CM/ECF p. 8.) However, the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel." *Id.* Such a showing has not been made here. The request for the appointment of counsel is therefore denied without prejudice.

## III.    PAYMENT OF PLAINTIFF'S FILING FEE

Plaintiff was granted leave to proceed in forma pauperis ("IFP") on October 16, 2007. (Filing No. 8.) Plaintiff was ordered to pay an initial partial filing fee of $38.96 no later than November 19, 2007. On November 2, 2007, Plaintiff requested an extension of time in which to pay his initial partial filing fee, which the court granted. (Filing Nos. 9 and 10.) However, Plaintiff has not paid the full initial partial filing fee in this matter. Instead, Plaintiff made payments of $1.21 on December 5, 2007 and $14.04 on January 14, 2008. (*See* Docket Sheet.)

As set forth in 28 U.S.C. § 1915(b)(4), "[i]n no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." Where a prisoner is unable to pay the initial partial filing fee due to a lack of funds, the requirement that the initial partial filing fee will be paid at the outset of the case is suspended. See *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951, 957 n. 9 (D. Neb. 2001). Instead, "the whole of the ... filing fees are to be collected and paid by the installment method contained in § 1915(b)(2)." *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).

This matter will proceed despite Plaintiff's failure to pay the full initial partial filing fee. However, Plaintiff remains responsible for the entire $350.00 filing fee, which shall be collected in installments in accordance with 28 U.S.C. § 1915(b)(2).

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **February 18, 2008**, to amend his Complaint to clearly state a claim on which relief can be granted against Defendant Douglas County Sheriff's Department and/or Douglas County, Nebraska officials. In the absence of Plaintiff's filing an amended complaint, this case will be dismissed without further notice;

2. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **February 18, 2008**;

3. The Clerk of the court is directed to terminate the pro se first assessment deadline in this matter. The Clerk of the court is also directed to terminate the initial partial filing fee pro se case management deadline in this matter;

4. Plaintiff's payment of the initial partial filing fee and subsequent installment payments shall be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the full filing of $350.00 is paid, Plaintiff shall be obligated to pay, and the agency having custody of the prisoner shall forward to the Clerk of the court, 20 percent of the preceding month's income in such months as the account exceeds $10.00; and

5.     The Clerk of the court shall serve a copy of this order on the appropriate financial officer for the Plaintiff's current institution.

DATED this 16th day of January, 2008.

                                BY THE COURT:

                                s/Laurie Smith Camp
                                United States District Judge