IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **KEVIN B. HARRIS,** | ) | **CASE NO. 8:07CV395** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **JOHN DOE A, Douglas County Sheriff, et al.,** | ) ) | |
| | ) | |
| **Defendants.** | ) | |

On March 17, 2008, the court granted Plaintiff's Motion to Amend Complaint. (Filing No. 14.) On April 8, 2008, Plaintiff filed an Amended Complaint asserting claims against three individuals. (Filing No. 15.) The court must now review the Third Amended Complaint and determine whether service of process is warranted.

Plaintiff's original Complaint asserted claims only against the entity "Douglas County Sheriff's Department," but did not seek relief against any individual. (Filing No. 1.) The court therefore permitted Plaintiff the opportunity to amend to state a claim upon which relief may be granted against the Douglas County, Nebraska Sheriff's Department and/or any individuals. (Filing No. 11.) Plaintiff's Amended Complaint is similar to his original Complaint. However, Plaintiff's Amended Complaint seeks relief against three individuals, John Does A, B, and C, who are all employees of the Douglas County, Nebraska Sheriff's Department.[1] (Filing No. 15 at CM/ECF p. 1.)

---

[1]Plaintiff does not appear to name as a Defendant the Douglas County Sheriff's Department. Therefore, the Clerk of the court will be directed to terminate that Defendant from this matter. Further, for the reasons set forth in the court's January 16, 2008, Memorandum and Order, the Amended Complaint fails to state a claim upon which relief may be granted against the Douglas County, Nebraska Sheriff's Department.

Condensed and summarized, Plaintiff alleges that John Does A and B "failed to protect [him] from injury" during a September 25, 2007, transport back to "DCCC" from the "Douglas County Court-house." (*Id.*)  John Does A and B subjected Plaintiff to "cruel and inhuman punishment" by failing to fasten a seatbelt around Plaintiff, who was "handcuffed to another inmate." (*Id.*)  The "transport van collided with another vehicle" and Plaintiff sustained injuries to his back and neck during the collision. (*Id.*)  Plaintiff also alleges that John Doe C is the supervisor of John Does A and B and failed to "teach his underlings" proper procedure when transporting prisoners. (*Id.*)  Plaintiff seeks monetary damages and an injunction so that he be "protected by seatbelts in the future." (*Id.* at CM/ECF p. 2.)

In a similar case, the Eighth Circuit recently held that "failure to provide a seatbelt to a prisoner while driving in a manner that puts the prisoner at risk of injury can constitute deliberate indifference to a prisoner's safety and health." *Brown v. Fortner*, 518 F.3d 552, 558 (8th Cir. 2008) (citation omitted).  Further, although "[d]eliberate indifference requires 'more than mere negligence,' [it] does not require acting 'for the very purpose of causing harm or with knowledge that harm will result.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).  Where prison officials "intentionally place prisoners in dangerous situations . . . the Eighth Amendment is violated." *Id.* at 561 (quotation omitted).  In accordance with *Brown*, Plaintiff's Amended Complaint has set forth enough factual allegations to "nudge" his claims "across the line from conceivable to plausible," and service is now warranted. *See generally, Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted).

2

IT IS THEREFORE ORDERED that:

1. Plaintiff's Amended Complaint does not name the Douglas County, Nebraska Sheriff's Department as a defendant. The Clerk of the court is directed to terminate the Douglas County, Nebraska Sheriff's Department as a defendant in this matter;

2. Plaintiff's claims against Defendants John Doe A, John Doe B, and John Doe C may proceed and service is now warranted as to those claims only;

3. To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send THREE (3) summons forms and THREE (3) USM-285 forms to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur;

4. Upon receipt of the completed forms, the Clerk of the court will sign the summons form, to be forwarded with a copy of the Amended Complaint, to the U.S. Marshal for service of process. The Marshal shall serve the summons and Amended Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Amended Complaint, and Plaintiff does not need to do so;

5. Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process;

6. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint;

7. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "November 7, 2008: Check for completion of service of summons";

8. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current

    address at all times while this case is pending.  Failure to do so may result in dismissal; and

9.    The Clerk of the court is directed to mail a copy of the Amended Complaint and this Memorandum and Order to the Douglas County Attorney.  The Douglas County Attorney is requested to take such action as is appropriate.

DATED this 17th day of July, 2008.

                          BY THE COURT:

                          s/Laurie Smith Camp
                          United States District Judge